COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


CHARLES LEON FREEMAN
                                        OPINION BY
v.        Record No. 2244-93-1    JUDGE SAM W. COLEMAN III
                                        AUGUST 15, 1995
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Westbrook J. Parker, Judge

           Timothy E. Miller, Public Defender (Lori B.
           Galbraith; Office of the Public Defender,
           on brief), for appellant.

           Robert B. Condon, Assistant Attorney General
           (James S. Gilmore, III, Attorney General,
           on brief), for appellee.


     Charles Leon Freeman appeals his conviction for driving

after having been adjudged an habitual offender.  He contends the

trial court erred by denying his motion to suppress evidence

obtained from an allegedly illegal stop of his vehicle in

violation of the Fourth Amendment.

     At approximately 9:30 a.m. on a Sunday morning, Officer A.P.

Bremer, Jr., observed a car being driven in the center lane of

three eastbound traffic lanes at speeds of ten to fifteen miles

per hour less than the posted fifty-five miles-per-hour speed

limit.  Officer Bremer followed the car for two miles, during

which time he saw the car weave three to four times within its

lane of travel.  On two occasions, other cars passed the car in

the right lane.  On these facts and from Officer Bremer's

experience, he suspected the driver to be under the influence of

intoxicants.

Officer Bremer turned on his emergency lights but received no response from the driver. When Officer Bremer turned on his siren, the driver immediately pulled his vehicle over and stopped. Charles Freeman, the appellant, was driving the car. When Officer Bremer asked to see Freeman's driver's license, Freeman stated that he did not have one. A DMV check indicated that Freeman was an habitual offender. Bremer arrested Freeman for driving after having been declared an habitual offender.

At trial, Officer Bremer testified that the normal speed for cars travelling on the section of the six-lane highway where he observed Freeman is fifty-five miles per hour. Bremer testified that from his past experience as a police officer, a car that is being driven slower than the normal speed, particularly when the car is not travelling in the far right lane and is being passed on the right by other vehicles, indicates that the driver "possibly" is under the influence of alcohol.

Officer Bremer testified that the slow speed of Freeman's vehicle in the center of three eastbound lanes and the fact that vehicles were passing Freeman on the right first focused the officer's attention on Freeman. Bremer stated:

> I noticed the car was running between forty and forty-five miles an hour and had some indication of weaving. Not over the line, but just going from the right to the left, towards the yellow lines on both sides of the road in the center lane. And through my past experience when a car sometimes is driving slower than the normal flow of traffic it indicates possibly the operator could be

under the influence of alcohol.

On appeal "the burden is on the [appellant] to show that the trial court's denial of his suppression motion constituted reversible error." DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 544 (1987), cert. denied, 488 U.S. 985 (1988). The trial court's suppression ruling will not be disturbed unless plainly wrong or without evidence to support it. Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

A police officer may stop the driver or occupants of an automobile for investigatory purposes if the officer has "a reasonable articulable suspicion, based upon objective facts, that the individual is involved in criminal activity." Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (quoting Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982) (citations omitted)). To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience. Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989). "[A] trained law enforcement officer may [be able to] identify criminal behavior which would appear innocent to an untrained observer." Taylor v. Commonwealth, 6 Va. App. 384, 388, 369 S.E.2d 423, 425 (1988).

Other jurisdictions have considered whether similar

circumstances give rise to a reasonable suspicion that a driver is intoxicated and have held that weaving within a traffic lane or travelling at an inordinately slow rate of speed under the circumstances is sufficient to justify an investigatory stop. State v. Malaney, 871 S.W.2d 634, 637 (Mo. App. 1994) (weaving within the lane); State v. Aubin, 397 S.E.2d 653 (N.C. App. 1990) cert. denied, 502 U.S. 842 (1991) (slowing of speed and weaving within the lane); People v. Loweks, 481 N.E.2d 1086, 1087 (Ill. App. 1985) (weaving within lane); State v. Ratliff, 728 P.2d 896, 898 (Ore. App. 1986), aff'd, 744 P.2d 247 (1987) (proceeding at least ten miles per hour below speed limit may be indication of driving under the influence); Sell v. State, 496 N.E.2d 799, 800 (Ind. App. 1986) (finding sufficient basis for a stop where a driver was moving fifteen to twenty miles per hour below the speed limit for two to three minutes).

Based on the totality of the circumstances, the trial court found that Officer Bremer had a reasonable suspicion that the driver of the car was intoxicated and that Bremer was justified in stopping the vehicle to investigate his suspicions. The circumstances that provided justification for the officer's actions included Bremer's observations of similar conduct over his twenty-one years of experience, his familiarity with the traffic patterns of the area on a Sunday morning, Freeman's slow speed in the center lane of a six-lane highway, and his weaving within the lane of travel. Driving at a slow rate of speed so as

to impede traffic constitutes a traffic violation, Code § 46.2-877, and weaving within a lane of traffic, depending on the circumstances, may reasonably indicate to an officer that the driver is impaired.  Accordingly, the trial court did not err in denying Freeman's motion to suppress the evidence obtained as a result of the stop.

Affirmed.
