COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


GENE ALLEN DODD
                                  MEMORANDUM OPINION* BY
v.        Record No. 0777-95-3    JUDGE JOHANNA L. FITZPATRICK
                                       APRIL 30, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF BATH COUNTY
                    Duncan M. Byrd, Jr., Judge

          Ronald W. Vaught (Parks & Vaught, P.C., on
          brief), for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gene Allen Dodd (appellant) was convicted in a bench trial

of driving after having been adjudicated an habitual offender in

violation of Code § 46.2-357.  On appeal, he argues that the

trial court erred in denying his motion to suppress his statement

made to the game warden when no reasonable suspicion supported

the stop of his vehicle.  Finding no error, we affirm the trial

court.

     On October 25, 1994 at 5:00 p.m., State Game Warden Jerry

Jones (Jones) was patrolling on Sandy Springs Road in Bath

County.  It was hunting season for squirrels and bow hunting

season for deer.  Sandy Springs Road is a relatively isolated

dirt road in the woods and is frequented by hunters.  Jones

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

encountered an old Ford van driven by appellant travelling slowly in the opposite direction. As the two vehicles approached one another, appellant, who was wearing a camouflage jacket, pulled the van over to the side of the road and stopped. Jones asked him "if he was having any luck," and appellant replied, "No."

While the van was stopped, Jones noticed that the sliding door on the passenger side was open facing the woods and that someone was in the back of the van as well as in the passenger seat. Appellant started to drive away when Jones said, "Wait a minute, I would like to talk to you." Appellant stopped the van again, and as Jones got out of his truck, he heard a commotion in the back of the van. Jones walked around to the passenger side of the van to talk to the passengers and found a loaded rifle and a loaded revolver. Jones then asked to see appellant's driver's license. Appellant told Jones that his driver's license was revoked because he was an habitual offender. Jones charged appellant with driving after having been adjudicated an habitual offender in violation of Code § 46.2-357.

Appellant moved to suppress his inculpatory statement to Jones, arguing that the stop of the van was not supported by a reasonable and articulable suspicion of criminal activity. At the suppression hearing on February 28, 1995, Jones testified that he stopped the vehicle because he "had a reasonable suspicion that they were road hunting." The trial court denied appellant's motion.

2

In considering a trial court's ruling on a suppression motion, we view the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance, and the decision of the trial court will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

"A police officer may stop the driver or occupants of an automobile for investigatory purposes if the officer has 'a reasonable articulable suspicion, based upon objective facts, that the individual is involved in criminal activity.'" Freeman v. Commonwealth, 20 Va. App. 658, 660-61, 460 S.E.2d 261, 262 (1995) (quoting Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). "'[W]hen a court reviews whether an officer had reasonable suspicion to make an investigatory stop, it must view the totality of the circumstances . . . objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer.'" Wechsler v. Commonwealth, 20 Va. App. 162, 170, 455 S.E.2d 744, 748 (1995) (quoting Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)). "If the officer's suspicion amounts to merely an 'inchoate and unparticularized suspicion or hunch . . . [rather] than a fair inference in light of his experience, [it] is simply too slender a reed to support the seizure' under the fourth and fourteenth amendments." Logan v. Commonwealth, 19 Va. App. 437, 442, 452 S.E.2d 364, 367 (1994)

(en banc) (quoting <u>Murphy</u>, 9 Va. App. at 144, 384 S.E.2d at 128).

Viewing the evidence in the light most favorable to the Commonwealth, the evidence established that, at the time of the stop, Jones knew that:  (1) it was hunting season for squirrels and bow hunting season for deer; (2) Sandy Springs Road was frequented by hunters; (3) appellant was wearing a camouflage jacket; (4) appellant was a hunter because he answered, "No," to Jones' question about "having any luck"; (5) there were at least two passengers in the van; and (6) the sliding door on the passenger side of the van facing the woods was open.  These enumerated circumstances and Jones' experience as a game warden provided a reasonable suspicion that appellant and his companions were "road hunting" and adequately supported this investigatory stop.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.