COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bray
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.          Record No. 0178-98-2

EDWARD LEE DOUGLAS, JR.

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
AUGUST 4, 1998

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellant.

Christopher C. Booberg (Michael Morchower;
Morchower, Luxton and Whaley, on brief), for
appellee.


The Commonwealth appeals a pretrial order of the trial court suppressing evidence obtained during a stop of a car driven by Edward Lee Douglas, Jr. (defendant). It contends the trial court erred when it concluded there were no exigent circumstances justifying the stop and search of defendant's car without a warrant. For the reasons that follow, we reverse and remand.

Defendant was indicted for possessing cocaine with intent to distribute in violation of Code § 18.2-248. Prior to his scheduled trial, he moved to suppress all of the evidence obtained during a search of his car that occurred on April 4, 1997. Defendant argued that both the initial stop and subsequent

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

search of his car were conducted without probable cause. Following a hearing, the trial court granted defendant's motion to suppress, reasoning that "there are no exigent circumstances in this case which brings into play any of the parameters of the automobile stop cases . . . ."

Although the Fourth Amendment generally requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer," one of the specifically established and well-delineated exceptions to this requirement is the so-called "automobile exception." California v. Carney, 471 U.S. 386, 390, 105 S. Ct. 2066, 2068, 85 L.Ed.2d 406 (1985); see also California v. Acevedo, 500 U.S. 565, 580, 111 S. Ct. 1982, 1991, 114 L.Ed.2d 619 (1991). Under this exception, "a warrantless search of an automobile, based upon probable cause to believe that the vehicle contained evidence of crime in the light of an exigency arising out of the likely disappearance of the vehicle, [does] not contravene the Warrant Clause of the Fourth Amendment." Acevedo, 500 U.S. at 569, 111 S. Ct. at 1986 (citing Carroll v. United States, 267 U.S. 132, 158-59, 45 S. Ct. 280, 287, 69 L.Ed. 543 (1925)). The "ready mobility" of an automobile provides all the exigent circumstances necessary to justify a warrantless search of its interior, as long as there is probable cause to search. The capacity of an automobile to be quickly moved "'creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant

2

requirement is impossible.'" Carney, 471 U.S. at 391, 105 S. Ct. at 2069 (citation omitted). Thus, as the Supreme Court recently emphasized, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996).

We hold that the trial court erred when it concluded there were insufficient exigent circumstances to justify the search of defendant's car under the automobile exception. The record clearly indicates that defendant's brown Honda Accord was operational at the time of the stop. See Acevedo, 500 U.S. at 569-70, 111 S. Ct. at 1986 (stating that "the existence of exigent circumstances was to be determined at the time the automobile is seized"). Because defendant's car was readily mobile, the "exigent circumstances" prong of the automobile exception was satisfied, regardless of whether the police had ample time to obtain a search warrant beforehand.[1]

We next consider the legality of the stop of defendant and the search of his car. Upon appeal from an order granting a defendant's motion to suppress, the Commonwealth has the burden

---

[1] Defendant does not argue that the officers in this case were not faced with an exigency sufficient to trigger the application of the automobile exception. Instead, he contends only that the informant's tip was not sufficiently reliable to provide the officers with probable cause to stop and search his vehicle.

to show that the trial court's decision was erroneous.  See Stanley v. Commonwealth, 16 Va. App. 873, 874, 433 S.E.2d 512, 513 (1993).  We review the trial court's findings of historical fact only for "clear error" and "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).  "[W]e review de novo the trial court's application of defined legal standards to the particular facts of a case," including determinations of reasonable suspicion and probable cause.  Jefferson v. Commonwealth, 27 Va. App. 1, 11, 497 S.E.2d 474, 479 (1998) (citing Ornelas, 517 U.S. at 699, 697-98, 116 S. Ct. at 1663, 1662).  Because the record indicates the evidence regarding the stop and search in this case was fully developed at the hearing on defendant's motion and is essentially unconflicted[2] and that the dispositive issues are purely legal ones that we ordinarily review de novo, we may rule on defendant's motion to suppress without remanding this case for further consideration by the trial court.

"A police officer may stop the driver or occupants of an automobile for investigatory purposes if the officer has 'a reasonable articulable suspicion, based upon objective facts, that the individual is involved in criminal activity.'"  Freeman

_____

[2]The transcript of the trial court's ruling from the bench indicates the court deemed credible the testimony of Detective Orgon and Sergeant Herring.

4

v. Commonwealth, 20 Va. App. 658, 660-61, 460 S.E.2d 261, 262 (1995) (citation omitted). To determine whether there was a reasonable suspicion justifying an investigatory stop, we must examine the totality of the circumstances from the perspective of a "reasonable police officer with the knowledge, training, and experience of the investigating officer." Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989).

Information provided by an anonymous or known informant may establish an articulable, reasonable suspicion for a police officer to execute a Terry stop if the information possesses "sufficient 'indicia of reliability.'" See Alabama v. White, 496 U.S. 325, 328-31, 110 S. Ct. 2412, 2415-16, 110 L.Ed.2d 301 (1990); Adams v. Williams, 407 U.S. 143, 146-47, 92 S. Ct. 1921, 1923-24, 32 L.Ed.2d 612 (1972); Bulatko v. Commonwealth, 16 Va. App. 135, 137, 428 S.E.2d 306, 307 (1993); Beckner v. Commonwealth, 15 Va. App. 533, 535, 425 S.E.2d 530, 531 (1993). Specifically, the officer must have some objective basis for assessing both the informant's personal reliability and "the reliability of the informant's knowledge of the information contained in the report." Beckner, 15 Va. App. at 535-36, 425 S.E.2d at 532. The indicia of reliability required for an informant's tip to provide reasonable suspicion to stop a suspect is less than is required for such a tip to establish probable cause to search or arrest. See White, 496 U.S. at 330, 110 S. Ct. at 2416. When determining whether an informant's tip

5

possessed sufficient indicia of reliability to establish articulable reasonable suspicion, a court must consider the totality of the circumstances "taking into account the facts known to the officers from personal observation, and giving the . . . tip the weight it deserved in light of its indicia of reliability . . . ."  Id. at 330-31, 110 S. Ct. at 2416.

We hold that the stop of defendant in his car did not violate the Fourth Amendment because the officers involved had a reasonable articulable suspicion that defendant was in possession of illegal drugs.  In light of the informant's prior history of providing reliable information to the police, her purchase of cocaine from defendant on April 2, and the corroboration by the police of portions of her tip prior to stopping defendant, we conclude that the informant's tip contained sufficient indicia of reliability to justify the officers' reasonable, articulable suspicion that defendant was in possession of illegal drugs as he drove into Chesterfield County.  Also, based on the circumstances regarding the informant's past reliability, defendant's pattern of arriving at a designated location fifteen-to-twenty minutes after being contacted, and the fact that defendant was seen driving into Chesterfield County about fifteen minutes after Detective Orgon last spoke with the informant, the officers' conclusion that the informant did, in fact, contact defendant about purchasing cocaine after Detective Orgon left her presence was reasonable.

We also hold that, at the scene of the stop, the officers had probable cause to search defendant's car and were not required to obtain a warrant before doing so.  The record established that, following the stop, defendant was removed from his car and detained next to it.  In "plain view" on the front passenger seat or console was a small plastic "ziplock" bag that appeared to contain cocaine.  The observation of this item provided the officers with probable cause to believe that illegal drugs would be found inside defendant's vehicle.  Because defendant's car was readily mobile, the police were justified in searching the car's interior without obtaining a search warrant.

For the foregoing reasons, we reverse the trial court's order suppressing the evidence seized from defendant's car on April 4, 1997 and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Benton, J., dissenting.

Counsel for Edward Lee Douglas, Jr. filed a motion to suppress the evidence gained from a warrantless search of his automobile. The motion alleged that "[t]he initial stop of the motor vehicle was done without probable cause in violation of Douglas' rights as guaranteed by the Constitutions of the United States of America and the Commonwealth of Virginia." Following the evidentiary hearing, the trial judge granted the motion to suppress. On this appeal, the Commonwealth presents the issue whether "[t]he trial court erred when it ruled that the officers were required to have a warrant in order to stop and search the defendant's vehicle."

"'Ultimate questions of . . . probable cause to make a warrantless search' involve questions of both law and fact and are reviewed de novo on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). However, in our review, "we are bound by the trial [judge's] findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges." Id. at 198, 487 S.E.2d at 261.

The evidence proved that when the police stopped the vehicle they had no information that the informant had contacted Douglas and arranged for a delivery of cocaine. Absent that information, the police had no basis to believe that Douglas had cocaine in

8

his vehicle.  The trial judge ruled as follows:

> THE COURT:  Well, I'm finding as a matter of law there was no exigent circumstances in this case, nada, zip.  This was not the classic case.  Telephone call comes in.  CFI or confidential informant says look, subject is moving.  He's got ten pounds of dope in the trunk of his car.  He is going to be coming across the Martin Luther King Bridge from Petersburg into Colonial Heights.  The vehicle will be coming in the next ten minutes.
>
> The police go into a flurry of activity.  Lo and behold, defendant's vehicle is seen as described coming into the city and the stop is met.  Now, those are exigent circumstances.  You don't have that in this case.

Although I believe the trial judge misspoke when he referred to the lack of "exigent circumstances," the reasonable inference to be drawn from his finding is that the police lacked knowledge that the informant had made the telephone call to Douglas and, thus, could not have entertained even a reasonable belief that cocaine was in the vehicle.  The evidence proved that the police did not know whether the informant had contacted Douglas.  Therefore, the police could not have had a reasonable belief that Douglas was responding to deliver cocaine.  The police merely acted upon a hunch.  That hunch did not rise to the level of reasonable suspicion that a violation of law was occurring.  See Zimmerman v. Commonwealth, 234 Va. 609, 612, 363 S.E.2d 708, 710 (1988).

For these reasons, I would affirm the order suppressing the evidence.

9