# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Robert L. Jackson

June 17, 1999

Case No. 99-54

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action for Possession of Cocaine, Defendant has filed a motion to suppress evidence. For the reasons more fully articulated below, the Court denies the motion.

### Facts

On October 7, 1998, a reliable informant reported to Detective Lloyd Hill that two black males were selling crack cocaine from a blue van in the back of the Estes IGA parking lot. The informant provided Detective Hill with the license plate of the van and described the van as being parked next to a dumpster. The informant provided no further description of suspects other than that they were two black males. Detective Hill, who did not participate in the actual arrest, passed this information to Detectives Board and Aylor. The detectives believed the report because the informant had provided reliable information in the past, the parking lot was in a known drug area, and the informant had "just seen" the suspects. Detectives Board and Aylor arrived at the parking lot fifteen minutes later, at which time they found the van with matching license plates exactly as the informant had described. The detectives approached the van with weapons drawn. Two suspects were immediately visible, but the detectives discovered a third person when they reached the van. Detective Board asked the Defendant whether he had anything Detective Board "needed to be aware of." The Defendant responded that he had a rock in his pocket. Detective Board asked the Defendant to hand over the rock. The

Defendant complied, and a field test determined that the rock was cocaine. During this exchange, the detectives put away their weapons. The Defendant was then arrested for cocaine possession.

## Discussion

"A police officer may stop the driver or occupants of an automobile for investigatory purposes if the officer has 'a reasonable articulable suspicion, based upon objective fact, that the individual is involved in criminal activity'." *Freeman v. Commonwealth*, 20 Va. App. 658, 660-61, 460 S.E.2d 261 (1995) (citation omitted). Reasonable suspicion is determined based on the totality of the circumstances, and an informant's tip may provide reasonable suspicion for an investigatory stop if the information provided is sufficiently reliable. *See Alabama v. White*, 496 U.S. 325, 110 S. Ct. 2412, 110 L. Ed. 301 (1990).

The Commonwealth maintains, and the Defendant does not dispute, that the informant was reliable and had provided useful information in the past. The detectives believed the information they received was accurate. The informant provided the detectives with the license plate of the van, as well as its location. The detectives immediately found the van next to the dumpster, exactly as the informant had described. The fact that there were three people in the van, as opposed to only two, does not diminish the reliability of the informant's tip because the van could have hidden that person from the informant's view. In fact, the detectives themselves did not find the third person until they reached the van. Based on the informant's past reliability and the accurate description of the van, including the license plate number, the detectives had reasonable suspicion that cocaine was being sold from that particular van. Therefore, they were justified in making an investigatory stop to determine whether in fact illegal activity was being conducted by the occupants of the van.

"Once an officer has lawfully stopped a suspect, he is 'authorized to take such steps as [are] reasonably necessary to protect [his and others'] personal safety and to maintain the status quo during the course of the stop'." *Servis v. Commonwealth*, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988) (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985)). Such necessary steps may include a limited pat-down search for weapons if the officer reasonably believes the suspect may be dangerous. *See Williams v. Commonwealth*, 4 Va. App. 53, 66, 354 S.E.2d 79 (1987). In *Williams*, the court concluded that suspicion of narcotics possession, standing alone, provided the necessary reasonable belief of dangerousness to justify a pat-down search for weapons. *See id.* at 67. The Court of Appeals held:

[E]ven though the officers who detailed Williams had no information that he was armed or that he had a past history of violence, they acted reasonably when conducting a protective pat-down search for weapons in light of the fact that they had a reasonable suspicion that Williams was presently engaged in narcotics distribution. To hold otherwise would be an invitation to violence in what is always a potentially explosive situation.

*Id.* Other safety procedures include ordering a person to lie on the ground even though the officers have no reasonable suspicion that the person is involved in any criminal activity. *See Welshman v. Commonwealth*, 28 Va. App. 20, 502 S.E.2d 122 (1998). In *Welshman*, police had probable cause to believe that two suspects were engaged in drug distribution. In the process of apprehending the suspects, the police, out of safety concerns, ordered everyone standing on the sidewalk to lie on the ground and extend their arms. The defendant, who was not a suspect, did not extend his arms, so one of the officers frisked him for weapons. In the process, the officer discovered crack cocaine. Relying on *Michigan v. Summers*, 452 U.S. 692, 69 L. Ed. 2d 340, 101 S. Ct. 2587 (1981), the Court of Appeals held that the evidence was admissible.

In this case, the exigent circumstances justified the warrantless detention of the Defendant. The ease of destruction of cocaine evidence, the location of the drug deal in an operable van, and the fact that the alleged drug deal was currently underway necessitated the need for prompt police action. Unlike the police in *Welshman*, Detectives Board and Aylor actually had reasonable suspicion to believe that cocaine was being sold by the occupants of the van in question. In order to protect themselves, the detectives approached the van with weapons drawn. This procedure, like a pat-down search or an order to lie on the ground, was a reasonable and appropriate response to a potentially dangerous situation, and as such, did not elevate the status of the investigatory stop to that of an arrest. Thereafter, the detectives were fully justified in conducting their investigation. As part of that investigation, Detective Board asked the Defendant whether he had anything in his possession that Detective Board "needed to be aware of." This question was far less intrusive upon the Defendant's privacy than a frisk. Certainly, *Welshman*, which allows a police officer to frisk a person whom he has no reasonable suspicion of criminal activity, allows a detective to ask a mere investigatory question of a suspect whom he does have reasonable suspicion of committing a crime. When the Defendant handed over the rock of cocaine, that evidence was legally obtained

during a lawful investigation of criminal wrongdoing. The evidence obtained during such a permissible investigation is therefore admissible.

For the foregoing reasons, this Court denies the Defendant's motion to suppress the cocaine discovered on his person.