COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


TRACEY ANNE RICHARDSON

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 3011-99-4           JUDGE NELSON T. OVERTON
                                          FEBRUARY 6, 2001
COUNTY OF PRINCE WILLIAM


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                        Frank A. Hoss, Jr., Judge

              Mark Thomas Crossland for appellant.

              D. Scott Bailey, Assistant Commonwealth's
              Attorney (Paul B. Ebert, Commonwealth's
              Attorney; Mary Grace O'Brien, Assistant
              Commonwealth's Attorney, on brief), for
              appellee.


     Appellant was convicted of driving while intoxicated, second

or subsequent offense.  On appeal, appellant contends that the

trial court erred in denying her motion to suppress.  Appellant

argues that the officer did not have a reasonable articulable

suspicion to stop her.  We disagree and affirm.

                            BACKGROUND

     At approximately 1:05 a.m. on December 17, 1998,

Officer S. Vago observed a vehicle travelling in the right lane of

two westbound travel lanes.  Vago observed the right-side tires of

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the vehicle cross the solid white line marking the boundary of the travel lane, just inside the edge of the road surface, for a distance of seventy to eighty feet.  There was a curve in the road where the tires crossed the solid white line.  Vago, an experienced officer who had made over one hundred arrests for driving under the influence of alcohol in the prior year, suspected that the driver was impaired and stopped the vehicle. Vago conducted field sobriety tests and arrested appellant for driving under the influence.

## MOTION TO SUPPRESS

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).  While we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error[1] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

---

[1] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'"  McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

-

"If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures."  McGee, 25 Va. App. at 202, 487 S.E.2d at 263.  "When a court reviews whether an officer had reasonable suspicion to make an investigatory stop, it must view the totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer."  Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989).  "'[A] trained law enforcement officer may [be able to] identify criminal behavior which would appear innocent to an untrained observer.'"  Freeman v. Commonwealth, 20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995) (citation omitted).  "[W]eaving within a single traffic lane is an articulable fact which may give rise to a reasonable suspicion of illegal activity."  Neal v. Commonwealth, 27 Va. App. 233, 239, 498 S.E.2d 422, 425 (1998).

In the early morning hours, an experienced police officer saw the right-side tires of appellant's vehicle cross the solid white line near the edge of the road surface.  The officer saw the vehicle being driven in this manner for seventy to eighty feet.  Under these circumstances, the officer had a reasonable and articulable suspicion that the driver was impaired, which

-

justified a stop to investigate further.  The trial court did not err in denying appellant's motion to suppress.

                                                    <u>Affirmed.</u>