COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


ANTONIO LAMONT MOZELLE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1734-00-1          JUDGE RICHARD S. BRAY
                                       SEPTEMBER 25, 2001

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    James A. Cales, Jr., Judge

          Andrew Kolp, Assistant Public Defender, for
          appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


    Antonio Lamont Mozelle (defendant) was convicted in a bench

trial for possession of a firearm by a convicted felon and

possession of heroin with intent to distribute, violations of Code

§§ 18.2-308.2 and -248, respectively.  On appeal, he contends the

trial court erroneously denied his motion to suppress evidence

obtained by police incident to an unconstitutional seizure of his

person.  We agree and reverse the convictions.

    The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon the defendant to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve issues of both law and fact, reviewable de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699 (1996). However, "[i]n performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citation omitted).

On March 6, 2000, several Portsmouth police officers "were conducting a surveillance on [defendant's] house," "looking for an individual who was an associate of defendant" and "allegedly involved in a shooting." Although police were unable to recognize the suspect, "information" indicated that he "[h]ad been seen riding in [a] vehicle with [defendant]." During the "stake-out," police observed defendant exit the home, accompanied by three unidentified males, enter an automobile and leave the area.

-

The surveillance team immediately notified Officer K.M. Armstrong who, together with "six to eight" other officers, "effected a stop on the vehicle" seeking "to identify an associate of defendant" that "hung around with" him.  When Armstrong approached the passenger side of the car, he "detected an odor of marijuana," "had the occupants step out of the vehicle" and conducted a pat-down search of defendant, discovering a baggie containing heroin in his pocket.  Defendant was then arrested for the offense and, as a result, Armstrong obtained a search warrant for his home.  Upon execution of the warrant, police discovered "a .45 caliber, semiautomatic handgun," "a magazine with bullets," "two clear bags . . . contain[ing] fifty capsules each of suspected heroin," and "personal papers" of defendant.

At trial, defendant moved the trial court to suppress the evidence as "fruit of the poison tree," arguing he was illegally seized at the time of the initial stop.  Wong Sun v. United States, 371 U.S. 471, 488 (1963).  The court overruled defendant's motion and proceeded with trial, resulting in the subject conviction and appeal.

II.

"When the police stop a motor vehicle and detain an occupant, this constitutes a 'seizure' of the person for Fourth Amendment purposes, even though the function of the stop is limited and the detention brief."  Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988) (citations omitted).

-

> Accordingly, the stop of an automobile and the resulting detention . . . is unreasonable under the Fourth Amendment absent a reasonable, articulable suspicion that the driver is unlicensed or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law.

Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923-24 (2000).

"Reasonable suspicion, while not as stringent a test as probable cause, requires at least an objective justification for making the stop." Ramey v. Commonwealth, 35 Va. App. 624, 629, 547 S.E.2d 519, 522 (2001) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)). Thus, "'[a]t the time of the stop, the officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, objectively warrant a reasonable person with the knowledge and experience of the officer to believe that criminal activity is afoot.'" Id. (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)).[1] "To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience." Freeman v. Commonwealth,

---

[1] "[I]n Pennsylvania v. Mimms, 434 U.S. 106 (1977), the Supreme Court held that the principles of Terry apply equally to the stop of a suspect who is traveling in an automobile." Williams v. Commonwealth, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987). Accordingly, the Commonwealth expressly did "not rely upon the trial court's holding that the defendant lacked standing to challenge the stop of the car."

-

20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995) (citation omitted).

Here, the circumstances failed to provide the requisite reasonable basis in justification of the disputed stop and attendant seizure.  The officers observed no traffic violation or other criminal activity and were admittedly unable to recognize the "associate" of defendant among the men accompanying him in the vehicle.  Nevertheless, the car was stopped and its occupants seized.  To countenance such conduct would permit police to stop defendant whenever found in the company of an unidentified person, a result clearly offensive to the Fourth Amendment.

Accordingly, the court erroneously admitted the evidence resulting from the unlawful stop and seizure, and we reverse the convictions and remand the cause for such further proceedings as the Commonwealth deems appropriate.

Reversed and remanded.

-