COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick


COMMONWEALTH OF VIRGINIA

v.   Record No. 1065-95-2            OPINION BY
                           JUDGE JOHANNA L. FITZPATRICK
JONATHAN LAMONT SPENCER            OCTOBER 16, 1995


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Robert B. Beasley, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellant.

John W. Ferrell (White, Blackburn & Conte,
P.C., on brief), for appellee.


Jonathan Lamont Spencer (appellee) was indicted for possession of a firearm while possessing cocaine and for possession of cocaine with intent to distribute in violation of Code §§ 18.2-308.4 and 18.2-248, respectively.  Appellee filed a motion to suppress the gun and the cocaine on the ground that the police officers did not have a reasonable and articulable suspicion sufficient to stop the vehicle in which appellee was a passenger.  The trial court granted the suppression motion, and the Commonwealth appeals that ruling pursuant to Code § 19.2-398(2).[1]  On appeal, the Commonwealth argues that the

---

[1]Code § 19.2-398 provides, in pertinent part, as follows:

> A petition for appeal from a circuit court
> may be taken by the Commonwealth only in
> felony cases . . . from . . . (2) [a]n order
> of a circuit court prohibiting the use of
> certain evidence at trial on the grounds such
> evidence was obtained in violation of the
> provisions of the Fourth, Fifth or Sixth
> Amendments to the Constitution of the United

officers had a reasonable and articulable suspicion to stop the vehicle because, although it had Virginia tags, it displayed no Richmond city decal while in the city.  We agree with appellee and affirm the trial court's ruling.

On October 25, 1994, at approximately 9:00 p.m., Officer Broadnax of the Richmond City Police Department and Trooper Perry of the Virginia State Police were on patrol in Richmond.  The officers saw a vehicle with Virginia license plates and a Virginia inspection sticker, but no city or county decal.  The officers followed the car a short distance but did not signal the car to stop.  The car pulled over to the side of the road and stopped before the officers could complete a license and registration check to determine the locality in which the vehicle was registered.  Officer Broadnax parked behind the car and activated his signal lights.

Officer Broadnax approached the driver's side of the vehicle and asked the driver for his license and registration, while Trooper Perry walked to the passenger's side.  Four people were in the car, including appellee, who was in the front passenger seat.  At that moment, Trooper Perry saw a partially visible gun in appellee's front jacket pocket.  Trooper Perry arrested appellee for carrying a concealed weapon, and, in a search incident to the arrest, found cocaine on appellee.

States or Article I, Sections 8, 10 or 11 of
the Constitution of Virginia.

Appellee filed a pretrial motion to suppress.  At the suppression hearing, appellee argued that the stop was invalid because the officers had no reasonable and articulable suspicion that the vehicle or its occupants were violating any law.  The Commonwealth contended that the officers possessed a reasonable and articulable suspicion that the vehicle was violating the law because the officers saw the vehicle being driven in the City of Richmond, which requires city decals.  The trial court granted the suppression motion and stated as follows:

> [This is] a situation where you've got automobiles all over the state.  Some have decals; some don't.  It's something that is easily resolved by the officer calling in and finding out what the registration is.  He didn't do that here. . . . I think they've got to find that out before they . . . make a stop.

Upon appeal from a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the prevailing party, in this instance appellee, granting to him all reasonable inferences fairly deducible from the evidence.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "'When the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes, even though the function of the stop is limited and the detention brief.'"  Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (en banc) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)).  A police officer may conduct an investigatory stop of a

3

vehicle when he or she has an "articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law." Delaware v. Prouse, 440 U.S. 648, 663 (1979). "There are no bright line rules to follow when determining whether a reasonable and articulable suspicion exists to justify an investigatory stop. Instead, the courts must consider 'the totality of the circumstances--the whole picture.'" Hoye v. Commonwealth, 18 Va. App. 132, 135, 442 S.E.2d 404, 406 (1994) (quoting United States v. Sokolow, 490 U.S. 1, 8 (1989)).

Under the circumstances in this case, the trial court did not err in finding that the officers lacked reasonable and articulable suspicion for stopping the vehicle in which appellee was a passenger. The record established that the officers knew that other cities and counties in the state do not require decals. Until the officers confirmed where the vehicle was registered, no specific and objective facts indicated that appellee's vehicle was violating a local ordinance requiring a city or county decal. Although the City of Richmond requires decals and the car was being driven in Richmond, the lack of a city or county decal, without more, was insufficient to justify this stop of the vehicle.[2]

_____

[2]In reaching this holding, we do not address the constitutionality of a vehicle checkpoint where the police stop every vehicle to check for city or county decals.

4

The same rationale used to prohibit random spot checks in Prouse is applicable here. In Prouse, the Supreme Court reasoned that "[t]he marginal contribution to roadway safety possibly resulting from a system of spot checks cannot justify subjecting every occupant of every vehicle on the roads to a seizure--limited in magnitude compared to other intrusions but nonetheless constitutionally cognizable--at the unbridled discretion of law enforcement officials." 440 U.S. at 661. Likewise, the benefit gained from stopping individual vehicles without decals is marginal when compared to the constitutional rights of drivers and their passengers who are seized.

Accordingly, we affirm the decision of the trial court.

Affirmed.