COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 1569-98-3     JUDGE SAM W. COLEMAN III
                                       DECEMBER 29, 1998
CHARLIE WILLIAM GILBERT


        FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
              William N. Alexander, II, Judge

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellant.

        Rudolph A. Shupik, Jr., for appellee.



     Charlie William Gilbert was charged with driving a motor

vehicle after having been declared an habitual defender.  On

Gilbert's motion, the trial judge suppressed evidence from a

police encounter that the judge determined was a Terry stop

conducted without reasonable suspicion.  Because the trial court

erred in concluding that the officer lacked reasonable suspicion,

the trial court's ruling is reversed and the case is remanded to

the circuit court.

                       I.  BACKGROUND

     On appeal, we view the evidence in the light most favorable

to the prevailing party, and grant to that party all reasonable

inferences fairly deducible from the evidence.  See Commonwealth

v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Sergeant Dennis, while in uniform and on duty in his marked police car, was parked in a lot outside a supermarket. Dennis observed Gilbert drive a vehicle onto the lot, park, and exit the vehicle. On seeing Gilbert drive onto the lot, Sergeant Dennis, who knew Gilbert, recalled that in a conversation seven to ten months earlier Gilbert had mentioned that he was an habitual offender.

Based on this recollection, Sergeant Dennis motioned for Gilbert to approach his car. As Gilbert came to the patrol car, Sergeant Dennis told him that he "need[ed] for him to sit on the passenger side" of his car. Sergeant Dennis explained to Gilbert that he knew Gilbert was an habitual offender and that he would have to charge him with driving after having been declared an habitual offender. Gilbert responded by asking Sergeant Dennis to "give him a break." After Sergeant Dennis called the police dispatch with Gilbert's Social Security number and confirmed Gilbert's status as an habitual offender, Dennis issued Gilbert a summons for driving after having been declared an habitual offender and released him.

The trial judge found that Sergeant Dennis detained Gilbert within the meaning of the Fourth Amendment when Dennis motioned Gilbert to his car and had him take a seat in the patrol car. The trial judge held that the detention was an invalid Terry stop because the officer's awareness that some seven to ten months earlier Gilbert had been an habitual offender was insufficient to

create a reasonable suspicion that Gilbert continued to be and was presently an habitual offender.

## II.  ANALYSIS

In this interlocutory appeal, pursuant to Code § 19.2-398 et seq., we determine whether the trial court erred in finding that the encounter between Sergeant Dennis and Gilbert constituted a seizure within the meaning of the Fourth Amendment, and if not, whether the court erred in finding that no reasonable suspicion justified the seizure.  The analysis involves mixed questions of law and fact.  See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).  We are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them, and we give deference to the inferences the trial court draws from those facts.  See id. at 198, 487 S.E.2d at 261.  However, we determine de novo whether the facts, as established, implicate the Fourth Amendment, and if so, whether reasonable suspicion or probable cause justified the intrusion.  See id.

The trial court did not err in finding that the encounter between Sergeant Dennis and Gilbert constituted an investigatory or Terry stop.

> [A] person has been "seized" within the
> meaning of the Fourth Amendment only if, in
> view of the circumstances surrounding the
> incident, a reasonable person would have
> believed that he was not free to leave.
> Examples of the circumstances that might
> indicate a seizure, even where the person did
> not attempt to leave [include, inter alia]
> . . . the use of language or tone of voice

> indicating that compliance with the officer's
> request might be compelled.

United States v. Mendenhall, 446 U.S. 544, 554 (1980); see McGee, 25 Va. App. at 199, 487 S.E.2d at 262. Determining whether police conduct rises to the level of a Fourth Amendment seizure requires examining the facts in each case. See Michigan v. Chesternut, 486 U.S. 567, 576-77 (1988); see also Parker v. Commonwealth, 255 Va. 96, 103, 496 S.E.2d 47, 50-51 (1998) (plurality opinion) (declining to extend Baldwin v. Commonwealth, 243 Va. 191, 413 S.E.2d 645 (1992), and limiting it to its unique facts).

Sergeant Dennis, who was in uniform and in a marked police car, motioned for Gilbert to approach the patrol car. Dennis told Gilbert that "he needed" for him to take a seat in the vehicle. Gilbert acquiesced in or submitted to the police officer's authority and took a seat in Dennis's patrol car. See generally California v. Hodari D., 499 U.S. 621, 625-26 (1991) (notwithstanding a lack of physical restraint, submission to a show of authority constitutes a seizure within the meaning of the Fourth Amendment). Sergeant Dennis then related to Gilbert that he "knew" Gilbert was an habitual offender and that he would have to charge him. The trial court did not err in determining that a reasonable person, faced with these facts, would not believe that he or she was free to ignore the officer and avoid the detention.

Pursuant to Terry, an officer may approach and temporarily detain a person to investigate possible criminal behavior without

- 4 -

probable cause. See Terry v. Ohio, 392 U.S. 1, 21-22 (1968); McGee, 25 Va. App. at 202, 487 S.E.2d at 263. When an officer can articulate a particularized and objective basis to suspect that an individual is involved in criminal activity, the officer may briefly detain the suspect in order to further investigate that suspicion. See United States v. Cortez, 449 U.S. 411, 417-18 (1981). In determining whether a police officer had reasonable suspicion that criminal activity was afoot, there is no bright line rule or "litmus test," rather a court must consider the totality of circumstances. See Buck v. Commonwealth, 20 Va. App. 298, 302, 456 S.E.2d 534, 536 (1995); Commonwealth v. Spencer, 21 Va. App. 156, 159, 462 S.E.2d 899, 901 (1995).

We hold that the trial court erred in determining that Sergeant Dennis lacked reasonable suspicion to briefly detain Gilbert in order to further investigate. Under Code § 46.2-356, a person who has been declared to be an habitual offender generally will continue in that status for ten years and thereafter until the privilege has been restored by a court of competent jurisdiction. Although Sergeant Dennis's knowledge that Gilbert was an habitual offender seven to ten months before was not conclusive evidence that he was still an habitual offender, that fact gave Sergeant Dennis a reasonable basis to suspect that Gilbert was still an habitual offender which, in turn, justified a brief investigatory detention. As soon as

Gilbert asked Sergeant Dennis for "a break," Dennis had further grounds to detain Gilbert.  See Glasco v. Commonwealth, 26 Va. App. 763, 771, 497 S.E.2d 150, 154 (1998) (affirming that knowledge of defendant's arrest two weeks earlier on charges that often, but not always, resulted in suspension of a driver's license created reasonable suspicion that defendant was driving without a license).

Accordingly, the trial court's order granting the motion to suppress is reversed and remanded to the trial court for such further proceedings as may be advised.

Reversed and remanded.