COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


ERIC LEE CAMPBELL

MEMORANDUM OPINION* BY
v.      Record No. 2252-05-2          JUDGE ELIZABETH A. McCLANAHAN
FEBRUARY 13, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

James T. Maloney (Maloney & David, P.L.C., on brief), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Eric Lee Campbell appeals his conviction for driving on a suspended license in violation

of Code § 46.2-301. Campbell contends the trial court erred in denying his motion to suppress

evidence of the violation because the officer who stopped him lacked reasonable articulable

suspicion of unlawful conduct to justify an investigatory traffic stop. For the following reasons,

we agree and reverse the decision of the trial court.

BACKGROUND

The relevant facts are not in dispute. Virginia State Trooper Robert Leslie was on patrol

when he saw Campbell drive onto a public highway in a "78 Oldsmobile, two door classic." He

further observed that the vehicle had "antique tags"[1] but no inspection sticker. After following

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Trooper Leslie was referring to license plates for antique motor vehicles as authorized
under Code § 46.2-730. See Code § 46.2-100 (defining antique motor vehicles).

Campbell for a short distance, Trooper Leslie stopped and detained him. Leslie then determined that Campbell's driver's license was suspended.

Consequently, Campbell was charged and convicted of driving on a suspended license. At trial, Trooper Leslie testified that he stopped Campbell solely because his vehicle had no inspection sticker. Leslie also acknowledged that there were a number of exceptions to the inspection sticker requirement for antique vehicles displaying antique tags. See Code §§ 46.2-730, 46.2-1157, and 46.2-1163.

Campbell filed a motion to suppress the evidence obtained as a result of the stop. Campbell argued that, because of the antique tag exceptions to the inspection sticker requirement under Code § 46.2-730, Trooper Leslie stopped him without a reasonable articulable suspicion that he was involved in some form of unlawful activity, in violation of his Fourth Amendment rights. In concluding the stop was justified, the trial court reasoned that Trooper Leslie could not determine whether Campbell met any of the antique tag exceptions without stopping and questioning him. The court thus denied Campbell's motion.

ANALYSIS

When we review a trial court's denial of a motion to suppress, "'the burden is upon the [defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). Where a Fourth Amendment challenge is at issue, "'[u]ltimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact." Id. at 197-98, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). Thus, "we give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the

challenged evidence was obtained satisfies constitutional requirements." Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004).

Trooper Leslie effected a "seizure" of Campbell for Fourth Amendment purposes when he stopped Campbell's vehicle and detained him. Delaware v. Prouse, 440 U.S. 648, 653 (1979); Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988). To justify such action, a police officer must have a "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)).

> Accordingly, the stop of an automobile and the resulting detention of the driver is unreasonable under the Fourth Amendment absent a reasonable, articulable suspicion that the driver is unlicensed or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law.

Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923-24 (2000) (citing Prouse, 440 U.S. at 663)).

Under this objective standard, the officer must actually "articulate[] [such] reasonable basis to suspect criminal activity" in order to justify an investigatory traffic stop. Freeman v. Commonwealth, 20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995); see Commonwealth v. Eaves, 13 Va. App. 162, 166, 408 S.E.2d 925, 927 (1991). In determining whether the officer has done so, we consider "the totality of the circumstances, including the officer's knowledge, training, and experience." Freeman, 20 Va. App. at 661, 460 S.E.2d at 262.

Trooper Leslie did not articulate a reasonable basis to suspect that Campbell was engaged in some illegal activity. Leslie conducted the traffic stop solely because Campbell's vehicle displayed no inspection sticker, [2] though, as Leslie acknowledged, exceptions to this requirement are specifically provided for antique vehicles displaying "antique tags." Code § 46.2-730, in

---

[2] See Code § 46.2-1157 (requiring vehicle safety inspections); and Code § 46.2-1163 (requiring display of safety inspection approval stickers).

conjunction with Code §§ 46.2-1157 and 46.2-1163, exempt antique vehicles with authorized antique license plates from the requirement of safety inspections and the display of inspection stickers when such vehicles are limited to certain uses. The permitted uses, as set forth in Code § 46.2-730(D), consist of the following:

> 1. For participation in club activities, exhibits, tours, parades, and similar events; and 2. On the highways of the Commonwealth for the purpose of testing their operation, obtaining repairs or maintenance, transportation to and from events as described in subdivision 1 of this subsection, and for occasional pleasure driving not exceeding 250 miles from the residence of the owner.

Even if stopping and questioning Campbell was Trooper Leslie's only way of determining his compliance with this code section, as the trial court reasoned in denying Campbell's suppression motion, the stop was not permitted without a "'particularized and objective basis' for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). Leslie did not articulate any reasons for suspecting that Campbell was operating his vehicle in violation of these permitted uses.

The circumstances of this case are analogous to those in Commonwealth v. Spencer, 21 Va. App. 156, 462 S.E.2d 899 (1995). There, officers observed a vehicle being driven in the City of Richmond with Virginia license plates and a Virginia inspection sticker, but no city or county decal. Because of the City of Richmond's decal requirement, the officers purportedly stopped the vehicle to determine the locality in which the vehicle was registered. Following the stop, the officers discovered that one of the passengers possessed illegal contraband, for which he was charged. The defendant filed a motion to suppress the evidence against him on the ground the officers had no reasonable articulable suspicion that the vehicle or its occupants were in violation of any law. The trial court granted the motion, and we affirmed. Id. at 158-60, 462 S.E.2d at 900-01. As we explained, although the City of Richmond required decals, other cities and counties in the state did not require decals (which, in fact, the officers knew). Under these

- 4 -

circumstances, "no specific and objective facts indicated that [the defendant's] vehicle was violating a local ordinance requiring a city or county decal." Id. at 160, 462 S.E.2d at 901. Thus, we concluded, "the lack of a city or county decal, without more, was insufficient to justify this stop of the vehicle."[3] Id.

We also pointed out in Spencer that the rationale used in Prouse, 440 U.S. at 661, to prohibit random spot checks was applicable there, as it is here. In Prouse, the United States Supreme Court reasoned that "[t]he marginal contribution to roadway safety possibly resulting from a system of [random] spot checks cannot justify subjecting every occupant of every vehicle on the roads to a seizure." Id. The potential random stops permitted under the reasoning advanced for justifying the stops at issue in both Spencer and the instant case would not be unlimited, as in Prouse, but would be exceedingly broad in scope nonetheless. In Spencer, the occupants of every vehicle with Virginia license plates but no city or county decal would be subject to seizure. Here, the occupants of every antique vehicle with antique license plates but no inspection sticker would be subject to seizure.[4] Under the rationale of Prouse, such results would not comport with Fourth Amendment protections against unreasonable searches and seizures.

The trial court erred in denying Campbell's motion to suppress because the evidence of his driving on a suspended license was discovered through an unlawful traffic stop.

---

[3] We there noted that our decision did not address the constitutionality of a vehicle checkpoint where the police stop every vehicle to check for city or county decals. Id. at 160 n.2, 462 S.E.2d at 901 n.2.

[4] Such reasoning would also subject to random spot checks and seizure every operator of a motor vehicle, tractor or other equipment used on the highways for agricultural, horticultural, mining or commercial fishing purposes, which are exempt from displaying license plates and decals, pursuant to Code §§ 46.2-664 through 46.2-675.

Accordingly, Campbell's conviction is reversed, and the case is remanded for such further proceedings as the Commonwealth be advised to take.

<u>Reversed and remanded.</u>