# CIRCUIT COURT OF GREENSVILLE COUNTY

Commonwealth of Virginia

v.

Keith Elexim Smith

March 19, 2009

Case No. CR08-010349-00

BY JUDGE W. ALLAN SHARRETT

This case comes before the Court on a Motion to Suppress filed by Defendant, Keith Elexim Smith, upon charges of possession with intent to distribute marijuana and transporting controlled substances. Specifically, Smith moves this Court to suppress contraband obtained in violation of the Fourth Amendment during a traffic stop for having no front license plate, on the basis that the police officer did not have reasonable, articulable suspicion to justify the stop. Having listened to the arguments of counsel and reviewed the briefs filed, the Court grants Defendant's Motion to Suppress for the following reasons.

*Summary of Facts*

On July 29, 2008, Detective Sergeant Benji Ligon was assigned to traffic enforcement on Interstate 95 North in Greensville County, Virginia, when he observed a blue Toyota Matrix with no license plate on the front and a Pennsylvania license plate on the rear. Believing the driver to possibly be in violation of Virginia law regarding proper display of license plates, Va. Code

§ 46.2-715 (2005), Detective Ligon initiated a traffic stop of the vehicle. The driver provided a Pennsylvania license and rental papers for the vehicle. The name on the rental papers was Keith Smith, who was the passenger of the vehicle and the defendant herein. After noticing suspicious behavior by the occupants and making certain observations, Detective Ligon searched the vehicle, upon the driver's consent. Detective Ligon's drug-sniffing K-9 dog alerted to a couple of locations in the vehicle. Subsequently, Detective Ligon looked in the car and found crumbles of marijuana in the passenger compartment and packages of marijuana in a suitcase in the rear hatch. Both occupants were arrested.

## Discussion

The issue, as framed by Smith in his brief with the Court's concurrence, is whether the stop of an out-of-state vehicle bearing no front license plate by an officer who believes, but does not check to confirm, that the particular state where the vehicle is registered requires a front tag is objectively reasonable, when in fact the other state does not require a front tag. Unfortunately, there seem to be no reported Virginia appellate cases that deal directly with the issue before this Court; however, ample persuasive authority provides guidance.

Smith argues that the search violated the Fourth Amendment. Despite his ten years of experience, Detective Ligon did not know, and did not check prior to initiating the stop, whether Pennsylvania required a front license plate, which in fact it does not. This was a mistake of law, which cannot serve as the basis for reasonable, articulable suspicion that criminal activity was afoot. Thus, the stop was unjustified and the contraband discovered must be suppressed. To the contrary, the Commonwealth argues that, based on the totality of the circumstances, Detective Ligon's good faith belief that the vehicle was violating Virginia law and the subsequent actions he took were objectively reasonable. Therefore, reasonable, articulable suspicion existed to justify the stop and to render the fruits of the resulting search admissible against Smith.

Initially, it is important to note that the Commonwealth concedes in its Brief in Opposition that this is not a mistake of law case. In his opening brief, Smith argues that Detective Ligon based his stop on a mistake of law, namely, his erroneous belief that Pennsylvania might require a front license plate, and therefore, based on persuasive authority, *United States v. Twilley*, 222 F.3d 1092, 1096 (9th Cir. 2000); *Commonwealth v. Snyder*, Record No. 0234-07-2, 2007 Va. App. LEXIS 307 (Va. App. Aug. 14, 2007), the stop is automatically invalid and any resulting evidence must by suppressed. However, the

Commonwealth responded, "In this case, however, Detective Ligon did not claim to be mistaken about the law of Pennsylvania." (Mem. in Opp. to Def.'s Mot. to Suppress 6.) Thus, the Court does not consider this case from a mistake of law perspective.

The underlying principles of Fourth Amendment review of traffic stops are well-settled by the United States Supreme Court and have been summarized by the Virginia Supreme Court:

> A police officer may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). A reasonable suspicion is more than an "unparticularized suspicion or 'hunch'." *Id.* at 27. Reasonable suspicion, while requiring less of a showing than probable cause, requires at least a minimal level of objective justification for making the stop. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989). Accordingly, the stop of an automobile and the resulting detention of the driver is unreasonable under the Fourth Amendment absent a reasonable, articulable suspicion that the driver is unlicensed or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law. *Delaware, v. Prouse*, 440 U.S. 648, 663, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979). The, court must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity. *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 66 L. Ed. 2d 621(1981).

*Bass v. Commonwealth*, 259 Va. 470, 474-75, 525 S.E.2d 921, 923-24 (2000).

The Commonwealth asserts that the lack of a front license plate, as required of vehicles registered in Virginia under Va. Code § 46.2-715 (2005), is a legitimate basis for a police officer to effectuate a traffic stop of any vehicle from any state and that the Court's analysis should end there. Section 46.2-715 provides as follows, in pertinent part: "License plates assigned to a motor vehicle, other than a motorcycle, tractor truck, trailer, or semitrailer, or to persons licensed as motor vehicle dealers or transporters of unladen vehicles, shall be attached to the front and the rear of the vehicle." In support

of its contention, the Commonwealth cites *Hamlin v. Commonwealth*, 33 Va. App. 494, 534 S.E.2d 363 (2000), and *Savage v. Commonwealth*, No. 0799-02-1, 2003 Va. App. LEXIS 187 (Va. App. Apr. 1, 2003). In both *Hamlin* and *Savage*, the police officer pulled over the appellant's vehicle for not having a front license plate, and the traffic stop was deemed lawful. Because the court upheld the stop in these two cases, the Commonwealth asserts that the stop must be upheld in the instant case. However, in neither of these cases does the court mention whether the vehicle was registered in Virginia or in another state. The fact that Smith's vehicle was registered out-of-state is of tremendous significance. Therefore, this Court gives little weight to these two cases and finds unconvincing the Commonwealth's argument that any stop of any vehicle is valid under § 46.2-715. Thus, the Court must analyze this case individually to determine whether Detective Ligon had reasonable, articulable suspicion to stop Smith's vehicle.

As quoted above, "The court must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." *Bass*, 259 Va. at 475, 525 S.E.2d at 924 (citing *Cortez*, 449 U.S. at 417-18). The totality of the circumstances "include[s] the officer's knowledge, training, and experience." *Freeman v. Commonwealth*, 20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995).

The circumstances in the instant case are analogous to those in *Commonwealth v. Spencer*, 21 Va. App. 156, 462 S.E.2d 899 (1995). In *Spencer*, a City of Richmond police officer saw a vehicle with Virginia license plates and a Virginia inspection sticker, but no city or county decal. The officer stopped the vehicle before completing a license and registration check to determine the locality in which the vehicle was registered. Spencer moved to suppress a gun that was later found, on the grounds that the stop was invalid due to a lack of reasonable, articulable suspicion that the vehicle or its occupants were violating any law. The Commonwealth asserted that the officer's suspicion was sufficient because the vehicle was being operated without a decal in Richmond, a locality that requires decals. The court concluded that the officer lacked reasonable, articulable suspicion for the stop and suppressed the evidence.

> [T]he . . . officers knew that other cities and counties in the state do not require decals. Until the officers confirmed where the vehicle was registered, no specific and objective facts indicated that appellee's vehicle was violating a local ordinance requiring a city or county decal. Although the City of Richmond requires

decals and the car was being driven in Richmond, the lack of a city or county decal, without more, was insufficient to justify this stop of the vehicle.

*Spencer*, 21 Va. App. at 159-60, 462 S.E.2d at 901.

In so deciding, the Court of Appeals applied the same rationale used in *Delaware v. Prouse*, 440 U.S. 648, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979). "In *Prouse*, the Supreme Court reasoned that 'the marginal contribution to roadway safety possibly resulting from a system of spot checks cannot justify subjecting every occupant of every vehicle on the roads to a seizure . . . at the unbridled discretion of law enforcement officials'." *Spencer*, 21 Va. App. at 160, 462 S.E.2d at 901 (quoting *Prouse*, 440 U.S. at 661). The *Spencer* court concluded "Likewise, the benefit gained from stopping individual vehicles without decals is marginal when compared to the constitutional rights of drivers and their passengers who are seized." *Id.*

In the unpublished opinion of *Campbell v. Commonwealth*, No. 2252-05-2, 2007 Va. App. LEXIS 50 (Va. App. Feb. 13, 2007), the Court of Appeals applied *Spencer* to another set of circumstances analogous to those in the instant case. In *Campbell*, a Virginia State Trooper observed a vehicle with antique tags being driven without an inspection sticker. The trooper stopped Campbell solely for the lack of an inspection sticker. At trial, the trooper acknowledged that there were a number of exceptions to the inspection sticker requirement for antique vehicles displaying antique tags. Campbell sought to suppress evidence obtained as a result of the stop on the basis that the trooper stopped him without reasonable, articulable suspicion that he violating the law. In reversing the conviction, the Court of Appeals held that "the stop was not permitted without a 'particularized and objective basis' for suspecting wrongdoing [and that the trooper] did not articulate any reasons for suspecting that Campbell was operating his vehicle in violation [of the law]." *Id.* at *7 (quoting *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002)). The Court spent significant time discussing *Spencer* and its applicability to the case.

Just as in *Spencer* and *Campbell*, the officer in the instant case did not articulate a reasonable basis to suspect that Smith was engaged in some illegal activity; therefore, the evidence must be suppressed. He conducted the traffic stop solely because Smith's vehicle displayed no front license plate; however, as Detective Ligon acknowledged, not every state requires front plates. Therefore, the rationale applied in *Spencer* applies in the instant case. Until Detective Ligon confirmed Pennsylvania law, no specific and objective facts indicated that Smith's vehicle was violating Virginia law. Although Virginia

requires front plates and the car was being driven in Virginia, the lack of a front plate, without more, was insufficient to justify the stop. As in *Prouse* and in *Spencer*, any benefit gained from stopping individual vehicles without a front plate is marginal when compared to the constitutional rights of drivers and their passengers who are seized. Consideration of the totality of the circumstances, including the officer's ten years of experience, show that Detective Ligon lacked reasonable, articulable suspicion of a violation of Virginia law; thus, the traffic stop was improper and the evidence obtained as a result of the stop must be suppressed.

For the foregoing reasons, the Court grants Defendant's Motion to Suppress. It is so ordered.