COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1956-09-2                      JUDGE RANDOLPH A. BEALES
                                                           MARCH 9, 2010
WILLIAM JEFFERSON MASON


                 FROM THE CIRCUIT COURT OF HANOVER COUNTY
                               J. Overton Harris, Judge

            Craig W. Stallard, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellant.

            (Steven M. Marks, on brief), for appellee.  Appellee submitting on
            brief.


       William Jefferson Mason (Mason) was indicted for driving while a habitual offender,

second offense, in violation of Code § 46.2-357.  He filed a motion to suppress various evidence

collected after an officer stopped him, and the trial court granted that motion.  Pursuant to Code

§ 19.2-398, the Commonwealth appealed the trial court's decision to this Court.  After reviewing

the record, we find that the trial court did not err in granting the motion to suppress.

                                   BACKGROUND[1]

       Deputy Sheriff Russell Snook was driving his marked patrol car in Hanover County on

April 18, 2009.  While patrolling, he observed a van, driving in the opposite direction down the

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] "Upon appeal from a trial court's ruling on a motion to suppress, we must view the
evidence in the light most favorable to the prevailing party, in this instance appellee, granting to him
all reasonable inferences fairly deducible from the evidence."  Commonwealth v. Spencer, 21
Va. App. 156, 159, 462 S.E.2d 899, 901 (1995).

two-way street, but he did not see a county registration sticker on its window. Deputy Snook did not observe anything illegal about the manner in which the vehicle was being operated.

The deputy turned his patrol car around to follow the van. As he was following the car, the deputy also "ran the tag," meaning he called the Division of Motor Vehicles (DMV) and, using the number on the license plate that was affixed to the van, tried to get additional information about the vehicle. The information that Deputy Snook received from the DMV indicated that the van registered to display that license plate was supposed to be maroon, yet the van that the deputy was following was blue. Deputy Snook did not "observe any violations of the law" by the van or its driver, and all the other registration information for the van appeared correct, except that a man was driving the van, but the vehicle was registered to a woman. Neither the vehicle, nor its license plates, nor anything else on the vehicle had been reported as stolen.

Based only on the difference in color between the van and its registration information,[2] Deputy Snook stopped the van, which William Mason was driving. The deputy explained at the hearing on Mason's motion to suppress that he made the stop because, although it is "not common practice, . . . a lot of people do take tags off of one vehicle, [and] put them on another vehicle." He also answered "yes" when the Commonwealth asked him if, in his experience, it was "possible" that "someone would want to steal license plates from a van or steal a van and use other license plates [in order] to put it on a similar make and model." Deputy Snook provided no other information regarding his experience or training with similar situations.

---

[2] During oral argument before the trial court, the Commonwealth conceded that the deputy did not stop the van because of anything to do with a registration sticker.

During argument on the motion to suppress, Mason argued that the officer acted only on a hunch and did not have reasonable suspicion that a violation of the law was occurring. The Commonwealth explained its argument in the following manner:

> [The] defendant's obligation to update DMV on a change of color on his van . . . is not the issue here. Frankly, it's irrelevant, because the officer testified clearly that the reason for the stop was because he reasonably believed, frankly, that either the van and/or the license place could have been stolen.[3]

The trial court found that Deputy Snook did not have enough information to give him a reasonable suspicion for the stop. The court found the deputy "had nothing more to go on than the change in color and his knowledge is that sometimes in those instances it indicated to him that, or, in his experience, that sometimes that meant that the car could be stolen or the plate could be stolen."

ANALYSIS

The parties agree on the appropriate Fourth Amendment legal principles that are applicable in this case. As the Supreme Court of Virginia stated in Moore v. Commonwealth, 276 Va. 747, 757, 668 S.E.2d 150, 156 (2008):

> the dispositive question is whether the officer's traffic stop was founded on a reasonable suspicion that criminal activity was afoot, a standard less stringent than probable cause. Nevertheless, reasonable suspicion, like probable cause, "is dependent upon both the content of information possessed by police and its degree of reliability." Alabama v. White, 496 U.S. 325, 330 (1990).

The Supreme Court of Virginia explained reasonable articulable suspicion in Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923-24 (2000):

> A reasonable suspicion is more than an "unparticularized suspicion or 'hunch.'" [Terry v. Ohio, 392 U.S. 1,] 27 [(1968)]. Reasonable suspicion, while requiring less of a showing than probable cause,

---

[3] The prosecutor also argued about the applicability of Herring v. United States, 129 S. Ct. 695 (2009), and the good faith exception to the Fourth Amendment, but the Commonwealth in its brief on appeal has disavowed this argument.

requires at least a minimal level of objective justification for making the stop. United States v. Sokolow, 490 U.S. 1, 7 (1989). Accordingly, the stop of an automobile and the resulting detention of the driver is unreasonable under the Fourth Amendment absent a reasonable, articulable suspicion that the driver is unlicensed or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law.

This Court reviews *de novo* the trial court's legal conclusion that Deputy Snook lacked reasonable articulable suspicion to stop Mason. Asble v. Commonwealth, 50 Va. App. 643, 645-46, 653 S.E.2d 285, 286 (2007) ("[W]e review *de novo* the ultimate questions of reasonable suspicion and probable cause . . . .").

The Commonwealth argues that the facts known to the deputy were sufficient for him to have a reasonable suspicion that Mason was committing a crime, and the Commonwealth lists several crimes that the deputy could have possibly believed that Mason had committed. However, Deputy Snook knew exceptionally little when he stopped the van that Mason was driving. He knew only that the color on the van's registration was not correct – everything else was correct, except that a man was driving a car that was registered to a woman (which the deputy did not say was unusual or created any inference that a crime was being committed). Deputy Snook testified that, it was "not common practice," but "a lot of people do take tags off of one vehicle, [and] put them on another vehicle." He did not testify that he had ever seen a stolen car with license plates that differed only in color from the vehicle listed on the registration. This testimony regarding the stop, viewed in the light most favorable to Mason as the party who prevailed in the trial court on the motion to suppress, proved that Mason did not appear to be violating the law in any way while he was driving the van. Therefore, nothing confirmed the deputy's hunch, which the deputy stated was based solely on the discrepancy in the color listed on the registration, that either the van was stolen or the license plates were stolen.

- 4 -

This testimony supports the trial court's determination that the stop was not supported by reasonable articulable suspicion.

We find the analysis in Commonwealth v. Spencer, 21 Va. App. 156, 159, 462 S.E.2d 899, 901 (1995), is applicable here. As in Spencer, where the officer saw only that a registration sticker was missing, in the case currently before this Court the deputy had "no specific and objective facts [that] indicated that [the] vehicle was violating" any laws by having a different color indicated on its registration. Id. at 160, 462 S.E.2d at 901 (finding that the lack of a city or county decal did not provide sufficient information by itself to give an officer reasonable suspicion to stop a vehicle). In addition, pursuant to the Court's reasoning in Spencer, we find in this case that "the benefit gained from stopping individual vehicles" based solely on a disparity in the color listed on the vehicle's registration, and the fact that a man was driving a car registered to a woman,[4] "is marginal when compared to the constitutional rights of drivers and their passengers who are seized" during such a stop. Id. Therefore, based on the analysis and the holding of this Court in Spencer, we find that the deputy here did not have reasonable articulable suspicion, as defined in Terry, that a crime was being committed when he stopped Mason. Simply having a different color on a vehicle than the color listed on a DMV registration – without more indication of how a crime may have been committed or how criminal activity may be afoot – is not enough information to give a law enforcement officer reasonable suspicion to stop that vehicle.

CONCLUSION

We agree with the trial court that Deputy Snook had no more than a hunch that a crime was being committed when he stopped the van driven by Mason. Therefore, we affirm the trial court's

---

[4] Of course, there are many reasons why a male spouse, relative or friend could legitimately be driving a vehicle that is registered to a woman, so this fact by itself would certainly not provide an officer with reasonable suspicion to stop such a driver.

order that granted Mason's motion to suppress the evidence that was collected as a result of that stop.

Affirmed.
